**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CR-63 |
| | ) | |
| DARRELL L. BAIR | ) | |

**OPINION AND ORDER**

On April 12, 2007, the Court accepted the Defendant, Darrell L. Bair's, guilty plea to Count 2 of the Indictment for knowingly and intentionally possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On July 30, 2007, the Court sentenced Bair to 130 months imprisonment. The Defendant did not file an appeal.

On October 2, 2007, the Defendant filed a pro se Petition for Sentence Modification. The Defendant submits that he engaged in the criminal activity for which he was charged, pled guilty, and sentenced because he was coerced by his Co-Defendant, Montreal Turner. The Defendant states that his family needs him and that it would be in the best interest of society for his sentence to be modified. He does not state the specific modification that he seeks nor does he contend that his conviction or sentence were improperly determined or imposed.

This Court cannot grant the Defendant any relief on the basis of his Petition. Section 3582(c) of Title 18, United States Code, provides that a court may not modify a term of imprisonment once it has been imposed, except in certain circumstances that are not present in this case. However, a person serving a sentence under a judgment imposed by a federal court may collaterally attack a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." 28 U.S.C. § 2255. The Defendant has not identified his motion as being filed pursuant to 28 U.S.C. § 2255. And although any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion," *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007), Bair's Petition does not meet the requirements of such a motion. He seeks modification of his sentence, but does not do so on the types of grounds identified in § 2255.[1]

Looking to the substance of Bair's Petition, it is understood as a request for relief—modification of his sentence—that this Court cannot grant. Therefore, the Defendant's Petition for Sentence Modification [DE 55] is DENIED.

SO ORDERED on October 16, 2007.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT

---

[1] The Court notes that even if Bair's motion was the type contemplated by § 2255, his plea agreement with the government provided,

> I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, *including but not limited to, a proceeding under Title 28, United States Code, Section 2255*.

(DE 30, Plea Agreement ¶ 7(g) (emphasis added).) Arguably, the plain language of this waiver also bars Bair's motion for modification as it applies to his right to "contest" his conviction or sentence "on any ground."